# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRITT'NI FIELDS, individually and on behalf of other persons similarly situated who were employed by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, or any other entities affiliated with or controlled by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, | Index No.: |
| | Date Filed: |
| | Plaintiff designates the County of New York as the place of trial. |
| Plaintiffs, | Venue is based on the place where the work took place. |
| - against - | **SUMMONS** |
| SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, or any other entities affiliated with or controlled by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, | |
| Defendants | |

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned to serve upon Plaintiff's attorneys an answer to the complaint in this action within 30 days after service of this summons. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 6, 2013

Counsel for Plaintiff and Putative Class

Lloyd R. Ambinder
Suzanne B. Leeds
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Lenard Leeds
Jeffrey K. Brown
Daniel Markowitz
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel:    (516) 873-9550
jbrown@leedsbrownlaw.com

TO:   SONY CORPORATION OF AMERICA
      SONY MUSIC HOLDINGS, INC.
      COLUMBIA RECORDING CORPORATION
      550 Madison Ave
      New York, NY 10022-3211

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRITT'NI FIELDS, individually and on behalf of other persons similarly situated who were employed by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, or any other entities affiliated with or controlled by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION,<br><br>Plaintiffs,<br><br>- against -<br><br>SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, or any other entities affiliated with or controlled by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION,<br><br>Defendants. | **Index No.**<br><br>**CLASS ACTION COMPLAINT** |

The Named Plaintiff, by her attorneys Leeds Brown Law, P.C. and Virginia & Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to New York Labor Law Article 19 § 650 *et seq.*, New York Labor Law Article 6 §§ 190 *et seq.* ("NYLL"), 12 New York Codes, Rules and Regulations ( "NYCRR") § 142-2.1, to recover unpaid minimum wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, or any other entities affiliated with or controlled by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA

RECORDING CORPORATION (hereinafter collectively as "Defendants").

2. Beginning in approximately August 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and other similarly situated individuals who worked for Defendants.

3. Beginning in approximately August 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully classified Plaintiff and others similarly situated as exempt from minimum wages.

4. Beginning in approximately August 2007 and, upon information and belief, continuing through the present, Defendants have failed to provide compensation at the statutory minimum wage rate for all hours worked.

5. Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including minimum wages, which they were deprived of, plus interest, damages, attorneys' fees and costs.

**THE PARTIES**

6. The Named Plaintiff, Britt'ni Fields, is an individual who is currently a resident of Queens, New York.

7. Plaintiff was employed by Defendants from approximately May of 2008 through August of 2008.

8. Although the Defendants misclassified Plaintiff and other members of the putative class as unpaid interns, Plaintiff is a covered employee within the meaning of the NYLL.

9. Upon information and belief, Defendant Sony Corporation of America is a business corporation organized and existing under the laws of Delaware and headquartered in the State of New York, with its principal place of business at 550 Madison Avenue, New York, New

York, and is engaged in the music recording and publishing industry.

10. Upon information and belief, Defendant Sony Music Holdings, Inc. is a business corporation organized and existing under the laws of Delaware and headquartered in the State of New York, with its principal place of business at 550 Madison Avenue, New York, New York, and is engaged in the music recording and publishing industry.

11. Upon information and belief, Defendant Columbia Recording Corporation is a business corporation organized and existing under the laws of New York and headquartered in the State of New York, with its principal place of business at 550 Madison Avenue, New York, New York, is a wholly owned subsidiary of Sony Corporation of America, and is engaged in the music recording and publishing industry.

12. Defendants uniformly apply the same employment policies, practices, and procedures to all interns who work at Defendants' locations in the State of New York.

## CLASS ALLEGATIONS

13. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 12 hereof.

14. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

15. This action is brought on behalf of the Plaintiff and a class consisting of each and every other person who worked for the Defendants as interns, and were thus misclassified as exempt from minimum wage requirements.

16. Plaintiff and putative class members are all victims of the Defendants' common policy and/or plan to violate New York wage and hour statutes by (1) failing to pay all earned wages; (2) misclassifying Plaintiff and members of the putative class as exempt from minimum

wage compensation; (3) failing to provide minimum wages for work performed.

17. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 500 individuals. In addition, the names of all potential members of the putative class are not known.

18. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay Plaintiff and members of the putative class all earned wages: (2) whether the Defendants misclassified Plaintiff and members of the putative class as exempt from minimum wages; and (3) whether the Defendants required Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated.

19. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned minimum wages. Plaintiff and putative class members thus have sustained similar injuries as a result of the Defendants' actions.

20. The Plaintiff and their counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation. Finally, a class action will also prevent unduly

duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

22. Prosecuting and defending multiple actions would be impracticable.

23. Managing a class action will not result in undue difficulties.

## FACTS

24. Upon information and belief, beginning in or around August 2007, the Defendants employed Plaintiff and putative class members to perform various office tasks, such as answering telephones, making photocopies, mass mailings, and other similar duties.

25. Defendants did not provide any compensation to Plaintiff and putative class members for the hours worked.

26. Defendants have benefitted from the work that Plaintiff and putative class members performed.

27. Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiff and the putative class members not performed work for Defendant.

28. Defendants did not provide academic or vocational training to Plaintiff or putative class members.

29. Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and the Putative Class Members' compensation in violation of the NYLL and its implementing regulations.

30. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the putative class.

31. Upon information and belief, while working for Defendants, the Plaintiff and

putative class members were regularly required to perform work for Defendants, without receiving minimum wages for all hours worked.

32. Plaintiff Britt'ni Fields was employed by Defendants from May 2008 through August 2008.

33. Throughout the course of her employment, Plaintiff typically worked three days each week. Plaintiff routinely worked from at least 10:00 a.m. until 6:00 p.m., but was sometimes required to stay later.

34. During Plaintiff's term of employment, her duties primarily consisted of mass mailings, making photocopies, running radio reports, and other office tasks necessary to the operation of the Promotions Department.

35. Plaintiff was not paid any wages, and thus was not compensated at a rate in compliance with the statutory minimum wage rate.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK MINIMUM WAGE COMPENSATION**

36. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 35 hereof.

37. Title 12 NYCRR § 142-2.1 states that, "[t]he basic minimum hourly rate shall be: (a) $5.15 per hour on and after March 31, 2000; (b) $6.00 per hour on and after January 1, 2005; (c) $6.75 per hour on and after January 1, 2006; (d) $7.15 per hour on and after January 1, 2007; (e) $7.25 per hour on and after July 24, 2009; or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

38. New York Labor Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such

reasonable attorney's fees."

39. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

40. As persons employed for hire by Defendants. Plaintiff and members of the putative class are "employees," as understood in Labor Law § 651.

41. Pursuant to Labor Law § 651, the term "employer" includes any "any individual. partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

42. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, Sony Corporation of America is an "employer."

43. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, Sony Music Holdings, Inc. is an "employer."

44. Pursuant to New York Labor Law §§ 190, *et seq.*. 650, *et seq.*, and the cases interpreting same, Columbia Recording Corporation is an "employer."

45. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiff and members of the putative class.

46. Defendants failed to pay Plaintiff and other members of the putative class minimum wages for all hours works, in violation of Title 12 NYCRR § 142-2.1 and Labor Law § 663.

47. Upon information and belief, Defendants' failure to pay Plaintiff and putative class members minimum wages was willful.

48. By the foregoing reasons, Defendants have violated Title 12 NYCRR § 142-2.1

and Labor Law § 663, and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY WAGES**

49. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 48 hereof.

50. Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff and members of the putative class, are protected from wage underpayments and improper employment practices.

51. Pursuant to New York Labor Law § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than… $5.15 on and after March 31, 2000, $6.00 on and after January 1, 2005, $6.75 on and after January 1, 2006, $7.15 on and after January 1, 2007."

52. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

53. As persons employed for hire by Defendants, Plaintiff is an "employee," as understood in Labor Law § 190.

54. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

55. As entities that hired the Plaintiff, Sony Corporation of America, Sony Music Holdings, Inc. and Columbia Recording Corporation are "employers."

56. Plaintiff's agreed upon wage rate and/or minimum wage rate was within the meaning of New York Labor Law §§ 190, 191, and 652.

57. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Plaintiff and members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

58. In failing to pay the Plaintiff and members of the putative class minimum wages for time worked after forty hours in one week, Defendants violated Labor Law § 191.

59. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiff and members of the putative class, that is not otherwise authorized by law or by the employee.

60. By withholding minimum wages from Plaintiff and members of the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions.

61. Upon information and belief, Defendants' failure to pay Plaintiff and members of the putative class minimum wages was willful.

62. By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Sony Corporation of America, Sony Music Holdings, Inc. and Columbia Recording Corporation, seeks the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on the second cause of action against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
August 6, 2013

VIRGINIA & AMBINDER, LLP

By: [signature]

Lloyd R. Ambinder
Suzanne B. Leeds
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Lenard Leeds
Jeffrey K. Brown
Daniel Markowitz
Michael Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiff and putative class*