UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITT'NI FIELDS, individually and on behalf of other persons similarly situated who were employed by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, or any other entities affiliated with or controlled by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION,<br><br>                                         Plaintiffs,<br>                 - against -<br><br>SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION, or any other entities affiliated with or controlled by SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC., COLUMBIA RECORDING CORPORATION,<br><br>                                         Defendants. | Case No. 13-CV-6520 (GBD)<br><br>**PROPOSED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. Plaintiffs take the position that this matter should be consolidated with the related matter of *Moreno v. Sony Music Entertainment, et al*., Docket No. 13-CV-5708 (GBD) at least for discovery purposes as both cases involve unpaid minimum wage claims alleged by unpaid interns who participated in Defendants' internship program.  The actions involve many of the same parties as all putative class members in this case who performed internships for Defendant within the last three years, are also putative collective members in the *Moreno* action.  Consolidation of discovery will eliminate unnecessary expense, resources and time spent in producing and/or procuring any duplicative discovery used in both actions.  Plaintiffs propose that, no later than 14 days following the close of fact discovery, the parties discuss the extent, if any, to which this case is to be further consolidated with the *Moreno* matter for purposes other than discovery.

   Defendants take the position that consolidation for discovery purposes is inappropriate.  This case and the *Moreno* matter were filed separately by different plaintiffs.  Those plaintiffs assert different claims under different statutes (*Moreno* under federal law, this case under state law) that have different standards of liability and different remedies.  The membership of the proposed opt-in collective in *Moreno* is different than the membership of the proposed opt-out class in this case, and the two cases will require testimony from different witnesses.  The cases have different statutes of limitation and therefore concern Sony Music's practices during two different time periods.  Discovery should remain separate because of these substantial

1

differences. Defendants have offered to discuss the use in one case of a particular document produced or particular testimony taken in the other case, but those matters need not be resolved now. Plaintiffs' request that the cases be consolidated for discovery should be rejected.

2. All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

3. No amendment to the pleadings will be permitted after November 15, 2014.

4. The parties must complete discovery relating to class certification issues by May 15, 2015.

5. Except for good cause shown, all discovery shall be completed by October 15, 2015. The discovery completion date shall not be adjourned except upon a showing of extraordinary circumstances.

6. Dispositive motions are to be served by November 16, 2015. Answering papers are to be served within 30 days. Reply papers are to be served within 21 days. In the event a dispositive motion is made, the date for submitting the Joint Pretrial Order shall be changed from that shown herein to three (3) weeks from the decision on the motion. The final Pretrial Conference shall be adjourned to a date four (4) weeks from the decision on the motion.

7. A final pretrial conference will be held on December 15, 2015.

8. The Joint Pretrial Order shall be filed no later than December 22, 2015.

9. All motions and applications shall be governed by the Court's Individual Rules of Practice.

10. The parties shall be ready for trial within 48 hours, notice on or after February 1, 2016. The estimated trial time is 10 days, and this is a non-jury trial.

11. The next Case Management Conference will be held on _____.

Dated: New York, New York
       October __, 2014

| | |
|---|---|
| VIRGINIA & AMBINDER, LLP | LEEDS BROWN LAW, P.C. |
| /s/ Lloyd R. Ambinder, Esq. | /s/ Jeffrey K. Brown, Esq. |
| LaDonna M. Lusher, Esq. | Daniel H. Markowitz, Esq. |
| Kara Miller, Esq. | Michael Tompkins, Esq. |
| 40 Broad Street, 7th Floor | One Old Country Road |
| New York, New York 10004 | Carle Place, New York 11514 |
| Tel: (212) 943-9080 | Tel: (516) 873-9550 |
| Fax: (212) 943-9082 | Fax: (516) 747-5024 |
| lambinder@vandallp.com | jbrown@leedsbrownlaw.com |

*Attorneys for Plaintiffs and Putative Class*

2

PROSKAUER ROSE LLP

<u>/s/ Mark W. Batten, Esq.</u>
Elise M. Bloom, Esq.
Noa M. Baddish, Esq.
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3410
Fax: (212) 969-2900
mbatten@proskauer.com

*Attorneys for Defendants*


So ordered:_____
         Hon. George B. Daniels, U.S.D.J.